BENJAMIN B. WAGNER
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone:  (916) 554-2760
Fax:  (916) 554-2900
email:  yoshinori.himel@usdoj.gov

BORIS KUKSO
U.S. Department of Justice
P.O. Box 683
Washington DC 20044
Telephone:  (202) 353-1857
Fax:  (202) 307-0054
email:  boris.kukso@usdoj.gov

Attorneys for the UNITED STATES OF AMERICA,
Defendant and Third-Party Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEDROCK FINANCIAL, INC., a California Corporation, | 1:10-cv-1055-MJS (Consolidated action) |
| Plaintiff, | **STIPULATION AND ORDER AMENDING COMPLAINTS** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| FIRST AMERICAN TITLE COMPANY and FIRST AMERICAN TITLE INSURANCE COMPANY, California Corporations, | |
| Third-Party Defendants. | |

The parties to this consolidated action stipulate to narrow the allegations or claims in their respective complaints filed as Clerk's Record number ("CR") 1 in consolidated file number 1:10-cv-2326, and CR 21 and CR 56 in file number 1:10-cv-1055, subject to the approval of Judge Seng as provided for herein, as follows:

1. Bedrock Financial Inc. withdraws the allegations and prayers in the complaint on file seeking an equitable lien in the sum of $202,832.21, plus interest. Rather than seeking said sum, Bedrock seeks an equitable lien and foreclosure thereupon only in the amount of secured debt existing under the Robert K. Lowe Deed of Trust, and senior to the tax lien at issue, paid off by Bedrock Financial, Inc., during the refinance in question, to wit, $171,106.85.

2. Bedrock Financial Inc.'s complaint is deemed to be AMENDED to conform to paragraph 1 hereof.

3. Although the United States' Amended Counterclaim filed December 16, 2011, CR 56, assumed that the foreclosure company in the 2009 trustee sale followed the defective instructions in First American's 2009 trustee sale guarantee for notifying the IRS of the trustee sale, more-recently-found evidence tends to show that the foreclosure company properly notified the IRS of the 2009 trustee sale and therefore wiped out a group of federal employment tax liens on the property.  Accordingly, the United States withdraws the following allegations and exhibits, relating to the employment tax liens, in CR 56:

    (a)    Paragraph 9, second sentence, reading "Tax Debtor Jose M. Fuentes is delinquent on his federal employment taxes for various periods ending during 2005, 2006, 2007 and 2008."

    (b)    Paragraph 10, final sentence, reading "During 2006, 2007 and 2008, on the particular dates listed in Exhibits 2 and 3 hereto, a duly authorized delegate of the Secretary of the Treasury made timely assessments against the Tax Debtors for federal employment taxes, penalties, interest, and other statutory additions for periods ending during 2005, 2006, 2007 and 2008."

    (c)    Paragraph 14, reading "The United States later recorded other Notices of Federal Tax Lien in the Official Records of Merced County against all property of tax debtor Jose M. Fuentes.  Exhibits 2 and 3 hereto are copies of two such Notices of Federal Tax Lien," and Amended Counterclaim Exhibits 2 and 3 (notices of federal employment tax liens).

    (d)    Paragraph 29, reading "At no time during the 2009 nonjudicial foreclosure was any notice given to the IRS.  In particular, at no time during the 2009 nonjudicial foreclosure was any notice given to the IRS conforming to the procedures established under I.R.C. § 7425."

    (e)    Paragraph 40, the phrase "and employment tax."

    (f)    Paragraph 44, phrase "and on the other dates in 2006, 2007 and 2008 listed in Exhibit 2 and 3."

    (g)    Paragraph 45, second sentence, reading "On March 26, 2008, and November 19, 2008, the IRS recorded further Notices of Federal Tax Lien against Jose Fuentes with respect to his unpaid federal employment tax liabilities and federal tax penalties for tax periods ending in 2005, 2006, 2007 and 2008, with the Merced County Recorder."

    4. The United States' Amended Counterclaim is deemed to be AMENDED as specified in Paragraph 3 hereof.

    5. Correcting a typographical error and conforming an allegation in another pleading to the withdrawal of allegations in paragraph 3, above, the United States withdraws the following allegations in its Amended Third-Party Complaint filed October 7, 2010, Clerk's Record number 21:

    (a)    The year "2008" in Paragraph 35, and substitutes therefor the year 2009.

    (b)    Paragraph 35, final sentence, reading "Again, the transaction was not disclosed to the IRS."

    6. The United States' Amended Third-Party Complaint is deemed to be AMENDED as specified in Paragraph 5 hereof.

    7. The characterizations and recitations in paragraphs 1, 3 and 5 are made solely by the party that filed the pleading being amended.  Neither party expresses any concurrence in the other party's characterizations or recitations.

| | |
|---|---|
| Dated:  July 1, 2012 | LAW OFFICES OF<br>MICHAEL J. LAMPE |
| | By:  */s/ Matthew D. Owdom*<br>MICHAEL J. LAMPE<br>MICHAEL P. SMITH<br>MATTHEW D. OWDOM |
| Dated:  June 21, 2012 | BENJAMIN B. WAGNER<br>United States Attorney<br>BORIS KUKSO<br>Trial Attorney, Tax Division, DOJ |
| | By:  */s/ YHimel*<br>YOSHINORI H. T. HIMEL<br>Assistant U. S. Attorney |

## ORDER

Good cause appearing, the foregoing Stipulation to amend pleadings is approved insofar as the Court will allow the proposed amendments to be made and the parties shall proceed to act on and with regard to the pleadings as if the proposed amendments had been completed.  However, no such amended pleading shall be served or presented to this Court or elsewhere until the parties have complied with that portion of Local Rule 220 which provides:

> "... every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."

Additionally, the parties are Ordered to file amended pleadings in accordance with the said  Local rule within 20 days from the  date of this Order.

IT IS SO ORDERED.

Dated:   July 5, 2012          /s/ *Michael J. Seng*
                         UNITED STATES MAGISTRATE JUDGE